IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAWN LECKNESS | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | |
| DARRION CALDWELL, BELLATOR | § | JURY TRIAL DEMANDED |
| SPORT WORLDWIDE, L.L.C., and CITY | § | |
| OF HIDALGO, TEXAS MUNICIPAL | § | |
| FACILITIES CORPORATION | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Dawn Leckness ("Plaintiff" or "Ms. Leckness") files this petition against Darrion Caldwell, Bellator Sport Worldwide, L.L.C. and City of Hidalgo, Texas Municipal Facilities Corporation.

## PARTIES

1. Defendant Darrion Caldwell ("Mr. Caldwell") is a New Jersey resident and may be served wherever he is found. The Court has jurisdiction over him because his actions giving rise to this lawsuit occurred in Texas.

2. Defendant Bellator Sport Worldwide, L.L.C. ("Bellator") is a Delaware limited liability company with no registered agent in Texas. It may be served through the Texas Secretary of State. TEX. BUS. ORG. CODE § 5.251.

3. Defendant City of Hidalgo, Texas Municipal Facilities Corporation ("Texas Municipal Facilities Corporation") is a Texas Corporation and may be served through its registered agent, Jose Vera III, at 704 E. Texano, Hidalgo, Texas 78557. To the extent applicable, Texas Municipal Facilities Corporation has waived sovereign immunity for this claims made the basis of this lawsuit. TEX. CIV. PRAC. & REM. CODE § 101.021.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because the Court has jurisdiction over all parties and the amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limits of this Court.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and it is between citizens of different states.

6. Venue is proper in the Southern District because a substantial part of the events or omissions made the basis of this lawsuit occurred in this district, the impact of Defendants' misconduct occurred in this District, and Defendants are subject to personal jurisdiction in this district. 28 U.S.C. § 1391.

## FACTS

7. Ms. Leckness is a television sports camera operator specializing in video coverage. She contracted with a third party to provide media coverage of Bellator 143, a Mixed Martial Arts ("MMA") fighting event put on by Bellator at State Farm Arena, which is owned and operated by Texas Municipal Facilities Corporation, on September 25, 2015. Bellator 143 featured MMA fighter Darrion Caldwell and consisted of twelve MMA fights. The preliminary bouts, including Mr. Caldwell's fight, were live streamed on Spike.com. The four main event fights aired live on Spike TV. Mr. Caldwell's fight, the fifth preliminary bout, matched him against Shawn Bunch. Both advertised as specialists in a wrestling fighting style, Mr. Caldwell won his bout during the first round and in under three minutes by forcing Mr. Bunch to submit, after executing a move referred to in MMA as a "rear-naked choke." After the officiator announced his victory, Mr. Caldwell spoke to his opponent briefly, and then high-fived a colleague.

8. He then climbed the fenced-in circular cage and stood on the top of the ring waving his arms in a celebratory fashion. Performing her job duties, Ms. Leckness moved to the center of the ring to capture video of Mr. Caldwell's celebration. Unexpectedly, Mr. Caldwell backflipped off the top of the cage back towards the ring center—without checking where he would land. He did this while at least ten other people were still in the ring. As he landed, his body crashed into Ms. Leckness's video camera, which rested on her right shoulder, and the momentum of his body weight coming out of a backflip violently forced her to the ground. Ms. Leckness sustained serious, permanent, and debilitating injuries to her back and right shoulder.

### NEGLIGENCE CLAIM AGAINST DARRION CALDWELL

9. Mr. Caldwell breached his duty of reasonable care by climbing the side of the circle shaped fighting ring, doing a backflip off the top of it without looking where he would land, and injuring Ms. Leckness. Mr. Caldwell knew or should have known that photographers, videographers, and others would be present in the ring following the conclusion of the fight. Mr. Caldwell further breached his duty of care by not looking to see who might be struck before jumping. Ms. Leckness's injuries were the immediate and direct result of Mr. Caldwell's conduct.

### VICARIOUS LIABILITY OF BELLATOR AND TEXAS MUNICIPAL FACILITIES CORPORATION FOR DARRIAN CALDWELL'S CONDUCT

10. Bellator and Texas Municipal Facilities Corporation had the actual right of control over Mr. Caldwell, and the right to assign tasks and control the progress, details, and means of accomplishing those tasks, including but not limited to, ensuring the safety of those present as guests, invitees or patrons of State Farm Arena. Mr. Caldwell's conduct occurred while he was acting within the scope of that area of control, in furtherance of Bellator and Texas Municipal Facilities Corporation's business, and for the accomplishment of their business purposes.

## NEGLIGENCE CLAIM AGAINST BELLATOR
## AND TEXAS MUNICIPAL FACILITIES CORPORATION

11. Defendants have supervisory control over Mr. Caldwell, especially as it relates to ensuring the safety of guests, invitees, and patrons at State Farm Arena. Defendants breached their duty of reasonable care by failing to adequately supervise Mr. Caldwell and his post-fight celebratory conduct, by failing to provide him with adequate safety training, and by failing to adequately admonish him not to jump into the center of the ring, especially without determining that his landing space was clear and unoccupied.

12. Defendant Bellator further breached this duty by retaining Mr. Caldwell as a Bellator MMA fighter.

13. Defendants breached their duty of care to Ms. Leckness by failing to advise Ms. Leckness of the potential danger that a fighter might jump backwards off the side of the ring without looking where he would land, failing to provide Ms. Leckness with safety equipment, and failing to provide her with safety training to prepare her for the incident made the basis of this lawsuit.

14. Defendants' breaches of duty proximately cause injury to Plaintiff, which resulted in the damages listed below.

## PREMISES LIABILITY CLAIM AGAINST
## TEXAS MUNICIPAL FACILITIES CORPORATION

15. Texas Municipal Facilities Corporation is the owner of the premises located at 2600 N 10th Street, Hidalgo, Texas 78557 and doing business as State Farm Arena.

16. Plaintiff entered Defendant's premises with Defendant's knowledge and for their mutual benefit. The purpose of Ms. Leckness' visit was to provide television coverage of Bellator 143, an MMA event, for the benefit of Bellator and Texas Municipal Facilities Corporation.

17. Plaintiff was an invitee when she arrived at State Farm Arena. The circle cage at the center of the arena created an unreasonably dangerous condition, particularly when fighters celebrate and move unpredictably after a match when television camera operators are present, yet Defendant knew of the danger and failed to adequately warn Plaintiff of its severity. It also failed to take steps necessary to make the dangerous condition reasonably safe. The Defendant's breach proximately caused Ms. Leckness' injury.

## DAMAGES

18. Plaintiff demands judgment and seek relief for the following damages:

   a. Compensatory damages (including but not limited to past medical expenses and future medical expenses, past lost wage earning capacity and future loss of wage earning capacity);

   b. Special damages (including but not limited to past and future physical pain, past and future loss of enjoyment of life, and past and future impairment);

   c. All costs and expenses of this suit to which Plaintiff is entitled pursuant to the laws and statutes of the State of Texas;

   d. Pre-judgment and post-judgment interest at the highest rate allowed; and

   e. Such other and further relief as may be just and proper, at law or equity.

## REQUEST FOR JURY TRIAL

19. Plaintiff requests a trial by jury and has paid the required jury fee with the filing of this Complaint.

## CONCLUSION AND PRAYER

Plaintiff pray that Defendants Darrion Caldwell, Bellator Sport Worldwide, L.L.C. and City of Hidalgo, Texas Municipal Facilities Corporation be cited to appear and answer as required

by law, that this case be set for trial before a jury, that upon trial of the merits, Plaintiff recover judgment from Defendants for each actual, compensatory, special, and additional damages in such a manner as the evidence may show and the jury may determine to be proper, together with the costs of this suit, pre-judgment interest, post-judgment interest, and any such further relief, both at law and in equity, to which Plaintiff may show herself entitled.

    Respectfully submitted,

    FELDMAN & FELDMAN, P.C.

    _/s/ Cris Feldman_
    Cris Feldman
    State Bar No. 24012613
    Federal I.D. No. 712459
    cris.feldman@feldman.law
    3355 West Alabama Street, Suite 1220
    Houston, TX 77098
    Telephone (713) 986-9471
    Facsimile (713) 986-9472

    ATTORNEY-IN-CHARGE FOR PLAINTIFF

Benjamin W. Allen
State Bar No. 24069288
Federal I.D. No. 1058996
ben.allen@feldman.law
FELDMAN & FELDMAN, P.C.
3355 West Alabama Street, Suite 1220
Houston, TX 77098
Telephone (713) 986-9471
Facsimile (713) 986-9472